L.P. VOIGT, Secretary, Department of Natural Resources
You have inquired whether Iron County has the power to incorporate a restrictive convenant [covenant] in its conveyances which prohibits the grantee from entering the land under the Forest Crop Law.
The restriction utilized by upon Iron County reads as follows:
"Also, so long as the within described property is not placed into forest crop reserves by the grantee and if said lands are entered into forest crop by the grantee, said property shall revert to the grantor forthwith."
It is my opinion that this restrictive covenant is invalid for two reasons. First, the State has given the right to an owner of qualifying lands to enter his land under the Forest Crop Law. The basic question here is whether the county can further limit the rights granted to an owner of land by ch. 77, Stats. Any conflict should be resolved in favor of the State. 26 C.J.S.Deeds, sec. 12, p. 597, states:
"The state has an inherent right to regulate the alienation of real estate within its borders, provided it does not violate constitutional guaranties. The methods of conveyancing and the character and quality of the estates thereby created are entirely within the control of the legislature . . ."
Since the State has not further restricted qualifying lands, it seems that preemption principles should apply. This means that, since the county is an arm of the State, all of its powers derive from the State. In Stateex rel. v. Schinz (1927), 216 N.W. 509, 194 Wis. 397, the court quoted sec. 112 of Vol. 1 of McQuillan on Municipal Corporations as follows:
* * *
"With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the states and are, in fact, but a branch of the general administration of that policy." *Page 274 
Thus, the State determines the extent of its policies. The county has no power to extend or limit the implementation of what the State has declared to be the proper method of giving effect to its policies. TheSchinz case, supra, also stated: "It (referring to county) exists not by virtue of its own will or consent, but as a result of the superimposed will of the state." Thus, the county is precluded from incorporating this type of restriction in it deeds.
The second reason for the convenant's [covenant's] invalidity is that the restriction contradicts an express public policy as expressed in sec. 77.01, Stats. The purpose of the statute is to encourage a policy "of reproducing and growing for the future adequate crops of forest products on lands not more useful for other purposes." To allow a county to impose such a restriction on otherwise qualifying lands would contradict the policy expressed by the State. 26 C.J.S., Deeds, sec. 144, p. 1042, states the general rule:
"A grantor, in a deed, may specify, limit, or restrict the use or occupation of property, or prohibit its use for a specified purpose; but conditions or restrictions affecting the use or occupation of property should not be against public policy, * * *"
Here, the expressed public policy precludes the county from taking actions that would undermine the clear intent of the State.
The apparent purpose of the county's restriction is to prevent the diminution of monies received from taxation. Since the Forest Crop Laws allow favorable tax rates to the owner, it necessarily means a diminution in monies received by the county. However, a method of restricting entry of such lands of less than 40 acres is available to the county in sec. 77.16 (7), Stats., which states:
"The owner, town board or county board may petition the department of natural resources for a public hearing to take testimony and hear evidence on whether lands shall be entered or continued under this section." *Page 275 
With regard to an owner of more than 40 acres, there is no similar provision relating to a county. The only provisions relating to review of lands of more than 40 acres entered under this chapter pertain to the town board of the town in which the land lies to petition as to whether any lands entered, shall continue under the provisions of Chapter 77. The county is not expressly given standing to petition for a review.
Therefore, such restrictive covenants cannot be given legal effect, since the State has passed controlling legislation in this area and, since such covenants contradict the express policy of the chapter. Finally, it is left to the Department of Natural Resources to determine if the land qualifies in a "manner not hampering towns in which such lands lie from receiving their just tax revenue from such lands." No similar power resides in the county. Policy considerations also suggest that uniformity is desired in such determinations and this is one reason why the Department of Natural Resources, rather than the county, is given the sole power to determine whether lands qualify under the Forest Crop Laws.
Finally, your letter does not indicate whether incorporating this restriction is pursuant to a county ordinance or if it is being done by the county clerk without any authorization.
Although, in my opinion, such restrictive covenants are invalid, the existence of such covenants in deeds already executed may create a cloud on the purchaser's title. Such defects can be eliminated in one of three ways.
First, if such action is taken pursuant to a county ordinance, and, if the county does not voluntarily repeal it and void all restrictive convenants [covenants] already executed, then a declaratory judgment may be necessary to declare the ordinance invalid.
Secondly, if such action is taken by the county clerk without any authorization, and, if it is not voluntarily discontinued, then a writ of mandamus will be necessary to compel him to cease from incorporating these restrictions and to *Page 276 
order him to reissue the previous deeds without the restrictions.
Thirdly, the grantee can bring an action to quiet title.
RWW:TLP